FRANK H. MACE vs. JOHN PUTNAM.

Kennebec.     Opinion June 4, 1880.

*Lord's day.     Void contract.*

Where the signing of an order, drawn by P. upon J. P. in favor of M., the acceptance, the delivery, and the payment by M. to P. of the amount represented by the order, was all done on the Lord's day, in order that, in that way, J. P. might pay a sum due for labor to P. who was about to leave; *Held*, that this was not a work " of necessity or charity," — and that M. cannot recover of J. P. the amount so paid by him upon such accepted order because the whole transaction, upon which the claim to recover rests, is in violation of the statute.

ON MOTION AND EXCEPTIONS.

The facts are stated in the opinion.

*Heath & Wilson*, for the plaintiff.

Money paid on the Lord's day, and retained afterwards, discharges the debt. *Johnson* v. *Willis*, 7 Gray, 164. The defendant's debt, then, was paid by the plaintiff. Whether work or acts done are a necessity, is a proper question for a jury. 120 Mass. 493 ; 118 Mass. 195. Counsel further argued other questions arising under the motion and exceptions, which, under the opinion, it did not become necessary for the court to examine.

*Bean & Bean*, for the defendant, upon this branch of the case, cited : *Towle* v. *Larrabee*, 26 Maine, 464 ; *Nason* v. *Dinsmore, et al.* 34 Maine, 391 ; *Hilton* v. *Houghton et al.* 35 Maine, 143 ; *Hinkley* v. *Penobscot*, 42 Maine, 89 ; *Pope* v. *Linn*, 50 Maine, 83 ; *Benson* v. *Drake et al.* 55 Maine, 555 ; *Tillock* v. *Webb*, 56 Maine, 100 ; *Parker* v. *Latner*, 60 Maine, 528 ; *Plaisted* v. *Palmer*, 63 Maine, 576 ; *Meader* v. *White*, 66 Maine, 90 ; *Day* v. *McAllister*, 15 Gray, 433 ; *Ladd et al.* v. *Rogers*, 11 Allen, 209 ; *Bennett* v. *Brooks*, 9 Allen, 118 ; *Bradley* v. *Rea et al.* 103 Mass. 188 ; *Myers* v. *Meinrath*, 101 Mass. 366 ; *Commonwealth* v. *Sampson et al.* 97 Mass. 407.

APPLETON, C. J. There are no material facts in dispute. The evidence discloses that one C. A. Page had worked for the defendant ; that there was due him for his labor $50.10 ; that

Page being about to leave, and the defendant not having on hand the means of immediate payment, they entered into negotiations with the plaintiff, in which it was arranged that Page should draw an order on the defendant in favor of the plaintiff, which being accepted, the plaintiff was to pay Page. Accordingly the order was drawn and accepted, and the stipulated payment made.

Unfortunately for the plaintiff this whole transaction was begun and concluded on the Lord's day. This was not a work "of necessity or charity." The statute, R. S., c. 124, § 20, not merely prohibits manual labor, but it likewise forbids the making of bargains and all kinds of trafficking. The plaintiff cannot recover because the whole transaction, on which his claim to recover rests, is one in violation of the statute. *Pattee* v. *Greely*, 13 Met. 284; *Meader* v. *White*, 66 Maine, 90; *Plaisted* v. *Palmer*, 63 Maine, 576.

*Motion sustained.*
*New trial granted.*

DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.